**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shataera M Bey, | No. CV-25-03235-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| CSL Berkshire Operating Company LLC, | |
| Defendant. | |

Plaintiff Shataera M. Bey filed a complaint against her former employer, defendant CSL Berkshire Operating Company. (Doc. 1.) Bey also filed an application for leave to proceed in forma pauperis. (Doc. 3.) Bey is entitled to proceed in forma pauperis but granting that application allows the court to determine whether the complaint states any claims on which she might be able to obtain relief. 28 U.S.C. § 1915(e)(1). It does not.

Bey's complaint contains very few factual allegations. The only allegations are that as of September 30, 2024, Bey was working for CSL. On that date she "submitted a written complaint against a supervisor." (Doc. 1 at 1.) Approximately three weeks later on October 21, 2024, Bey received "a conduct write up" despite having received "a positive yearly review" six months earlier. (Doc. 1 at 2.) And on December 5, 2024, Bey "was informed that [her] pay grade would be reduced by one dollar after [she] requested an accommodation to [her] schedule and title." (Doc. 1 at 2.) Based on these events, Bey appears to be pursuing a single claim for retaliation under Title VII.

To state a plausible claim for relief, Bey must plead "factual content that allows the

1  court to draw the reasonable inference that the defendant is liable for the misconduct
2  alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is not a "probability
3  requirement," but a requirement that the factual allegations show "more than a sheer
4  possibility that a defendant has acted unlawfully." *Id.* It is not enough for plaintiff merely
5  to make an "an unadorned . . . the-defendant-unlawfully-harmed-me accusation." *Id.*

6        To state a retaliation claim under Title VII Bey must allege "(1) she was engaging
7  in protected activity, (2) the employer subjected her to an adverse employment decision,
8  and (3) there was a causal link between the protected activity and the employer's action."
9  *Bergene v. Salt River Project Agr. Imp. & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir.
10 2001). Bey has not alleged the first or third elements.

11       On the first element, Bey alleges she submitted a "written complaint against a
12 supervisor" and "requested an accommodation to [her] schedule and title." (Doc. 1 at 1-2.)
13 She does not identify the basis for her written complaint or requested accommodation. To
14 qualify as "protected activity," Bey must have been complaining about "discrimination
15 prohibited by Title VII." *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988). If
16 she was not, then Bey did not engage in protected activity and cannot pursue a retaliation
17 claim. *See Arya v. CalPERS*, 943 F. Supp. 2d 1062, 1071 (E.D. Cal. 2013) (plaintiff that
18 complained about the "failure to deliver his pension checks in a timely fashion" had not
19 engaged in protected activity). Because she has not identified any protected activity, Bey's
20 retaliation claim fails at the outset.

21       Even assuming Bey had adequately alleged her written complaint or request for
22 accommodation qualified as protected activity, she has not provided sufficient factual
23 allegations regarding the second element. That element requires a "causal link" between
24 the protected activity and subsequent events. *Bergene*, 272 F.3d at 1141. "To establish a
25 causal connection between her protected activity and the adverse actions, a plaintiff may
26 allege direct or circumstantial evidence from which causation can be inferred, such as an
27 employer's pattern of antagonism following the protected conduct, or the temporal
28 proximity of the protected activity and the occurrence of the adverse action." *Cloud v.*

*Brennan*, 436 F. Supp. 3d 1290, 1301 (N.D. Cal. 2020). Bey does not allege any general "pattern of antagonism" after her written complaint. *Id.* Instead it appears Bey is relying solely on temporal proximity. In some circumstances, the temporal proximity Bey identifies might be enough to establish a causal link at the pleading stage. But given how few factual allegations Bey has made, the causal connections on which she is basing her claim are not sufficiently clear.

Bey's complaint is dismissed with leave to amend. If she chooses to amend, Bey should provide substantially more details regarding the relevant events. Bey must include allegations making clear the protected activity she engaged in, what later events she believes qualified as retaliatory, and why she believes those later events are linked to her protected activity.

Accordingly,

**IT IS ORDERED** the Application (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 4) is **GRANTED**. Plaintiff shall comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, maintain access to the required equipment and software, maintain a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf format, register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order and comply with the privacy policy of the Judicial Conference of the United States and E-Government Act of 2002. Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

/
/
/
/

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff shall file an amended complaint no later than **September 24, 2025**. The Clerk of Court is directed to enter a judgment of dismissal without prejudice if no amended complaint is filed by that date.

Dated this 8th day of September, 2025.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge