**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shataera M Bey, | No. CV-25-03235-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| CSL Berkshire Operating Company LLC, | |
| Defendant. | |

Plaintiff Shataera M. Bey filed this suit on September 5, 2025. (Doc. 1.) On September 8, 2025, the court dismissed with leave to amend Bey's original complaint. The next day Bey filed a First Amended Complaint and a Second Amended Complaint. (Doc. 9, 10.) Federal Rule of Civil Procedure 15(a)(1) allows a plaintiff to amend her complaint "once as a matter of course." The court accepts the second complaint filed on September 8 (Doc. 10) as Bey's amendment as a matter of course and that is deemed the operative complaint. In the future, Bey may amend her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In dismissing Bey's original complaint, the court explained Bey could pursue a Title VII retaliation claim only if she alleged sufficient facts that she had engaged in "protected activity" before suffering an adverse employment action. (Doc. 8 at 2.) In other words, Bey needed to allege she had complained "about discrimination prohibited by Title VII" and then link her complaint to adverse actions taken against her. (Doc. 8 at 2.) The Second Amended Complaint and its attachments make clear Bey did not engage in protected

activity and her retaliation claim is dismissed without leave to amend. But the Second Amended Complaint and attachments indicate Bey may be able to state some other type of Title VII claim, so she is granted a final opportunity to amend her complaint to state such a claim.

The Second Amended Complaint is a six-page complaint and Bey included 58 pages of attachments. In identifying the "discriminatory conduct" that is the basis for this suit, Bey only checked the box for retaliation. (Doc. 10 at 4.) In the portion devoted to the facts of her case, Bey alleges she engaged in protected activity on September 30, 2024. (Doc. 10 at 5.) On that date Bey "complained about an interaction [she] had with the Health Services Director." (Doc. 10 at 5.) Bey alleges she later received a "write up" and pay deduction, which Bey seems to link to her behavior on September 30. (Doc. 10 at 5.) Bey's attachments provide more information regarding these events and establish no protected activity occurred on September 30.

One of Bey's attachments is a 55-page "rebuttal" she submitted to the EEOC. (Doc. 10-1.) That document recounts that on September 27, 2024, Bey texted Ria Williams, the former Health Services Director at Bey's place of work. (Doc. 10-1 at 3.) That text exchange led to several heated phone calls between Bey and Williams. On September 30, 2024, Bey submitted a written complaint to Belinda Radder, a human resources employee, about those phone calls. (Doc. 10-1 at 17.) Bey explicitly identifies her September 30 written complaint as the "protected act" at issue. (Doc. 10-1 at 7.) Bey included a copy of that written complaint.

Bey's written complaint to human resources begins by recounting a text-message exchange between Bey and Williams on September 27, 2024. (Doc. 10-1 at 17.) Those messages involved a "med error on the first floor med cart." (Doc. 10-1 at 17.) The complaint then describes two phone calls between Bey and Williams. The second call ended with Williams telling Bey "You need to watch because your job is on the line!" (Doc. 10-1 at 17). The complaint closes with "I no longer what [sic] to meet with [Williams] to discuss the incident. I just want her to not threaten me for any reason." (Doc.

10-1 at 17.) The complaint contains no mention of any type of discrimination and Bey does not allege anywhere in her filings that her written complaint involved discrimination. Because Bey's September 30, 2024, written complaint did not involve discrimination, it does not qualify as protected activity. Bey does not have a viable retaliation claim.

Bey's filings have repeatedly indicated she is only attempting to pursue a retaliation claim. Despite that, her "rebuttal" might be read as attempting to allege a claim not for retaliation but for discrimination based on race. To state such a claim, Bey would need to allege she is a member of a protected class, she was performing her job satisfactorily, she experienced an adverse employment action, and that similarly-situated employees outside of Bey's protected class were treated more favorably. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). Bey is granted a final opportunity to amend her complaint to allege a discrimination claim.

Accordingly,

**IT IS ORDERED** the Second Amended Complaint (Doc. 10) is **DISMISSED**. The retaliation claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** no later than **September 26, 2025**, plaintiff may file a third amended complaint alleging race discrimination. The Clerk of Court is directed to enter a judgment of dismissal with prejudice if no amended complaint is filed by that date.

Dated this 11th day of September, 2025.

Honorable Krissa M. Lanham
United States District Judge